UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00160-JAW |
| | ) | |
| MALCOLM A. FRENCH, et al. | ) | |

**ORDER ON DEFENDANT RODNEY RUSSELL'S MOTION TO HAVE THE AUDIO FOR THE VOIR DIRE TO BE AVAILABLE AT HEARING ON FEBRUARY 1, 2019, CONSISTENT WITH COURT ORDER DATED MARCH 18, 2015 AT Doc # 490**

On January 28, 2019, Rodney Russell, in anticipation of an evidentiary hearing scheduled for February 1, 2019, moved "to have the audio recording available for use by counsel during examination of witnesses at the forthcoming hearing on February 1, 2019." *Def. Rodney Russell's Mot. to Have the Audio for the Voir Dire to be Available at Hr'g on Feb. 1, 2019, Consistent with Court Order Dated Mar. 18, 2015 at Doc # 490* (ECF No. 824).

To complete the background, on January 8, 2014, the Magistrate Judge conducted jury voir dire in this case. *Min. Entry* (ECF No. 281). On August 8, 2014, the court reporter filed a certified transcript of the jury voir dire. *Tr. of Proceedings, Jury Trial, Jury Selection* (ECF No. 399). The court reporter certified the transcript as correct. *Id.* 157:4-5 ("I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter").

Federal law provides that "[t]he transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and the

proceedings had." 28 U.S.C. § 753. The Guide to Judiciary Policy distinguishes between audio recordings and backup tapes. *See Guide to Judiciary Policy* § 510.40.10. When "proceedings have been recorded as the official record by electronic sound recording equipment," the parties may choose to purchase copies of the electronic sound recording files, which may be less costly, from the clerk of court in lieu of a transcript for their own use." *Id.* § 510.40.10(a). However, when a court reporter, as in this case, files a certified transcript, a different rule applies to so-called backup recordings:

(c) Backup recordings

> (1) Backup recordings made by court reporters for their own convenience and not otherwise required by 28 U.S.C. § 753 are the personal property of the court reporter.
>
> (2) There is no public entitlement to these recordings, or to backup recordings made for the convenience of the court. . . .[1]

*Id.* § 510.40.10(c)(1)(2). Consistent with 28 U.S.C. § 753, the *Guide to Judiciary Policy* clarifies which is the official record of the proceeding, eliminating the potential for an ongoing controversy as to which record of a proceeding—the recording or the court reporter's transcript—is the "correct statement."

Mr. Russell cites this Court's March 18, 2015 order in which the Court resolved the proper pronunciation of a witness's name by listening to the audio recording and invited counsel to make arrangements to listen to the recording to confirm the Court's understanding. *Order on Audio of Voir Dire* at 1 (ECF No. 490) (*Order*). The

---

[1] Section 510.40.10(c)(2) makes an exception for recordings of arraignments, changes of plea, and sentencings that were filed with the court, an exception not applicable here.

pronunciation issue arose after the defense claimed that one of the jurors should have revealed that he knew one of the witnesses, and when the witness testified at the post-trial hearing, he pronounced his last name, Koenig, in a somewhat unique way. The Court endeavored to determine whether the Magistrate Judge who presided over jury selection had pronounced Mr. Koenig's name the way he pronounced it. *Tr. of Proceedings*, *Oral Argument* 48:2-10 (ECF No. 498). To resolve this issue, which would not have been revealed by the transcript itself, the Court asked the Court Reporter for the audio recording, which she provided. Having confirmed that the Magistrate Judge pronounced Mr. Koenig's name differently from the way Mr. Koenig pronounced it, the Court allowed counsel to confirm what the Court had heard. *Order* at 1.

The Koenig issue strikes the Court as very different from a general request for a backup recording. The statute makes it clear that the transcript is "prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b). As such, if the transcript contains an inherent ambiguity, such as the proper pronunciation of a family name, the Court may resort to the audio backup, if available and with the Court Reporter's acquiescence, to resolve the ambiguity. Here, by contrast, Mr. Russell is requesting the entire backup recording, which will necessarily raise a question as to whether the certified transcript or the backup recording is the correct statement. Even if it turns out that the two agree, the Court and the attorneys will have to continually check what they are hearing against what they are reading, and the playing of a recording, as opposed to questioning from the transcript, will add

3

an unnecessary complication to the evidentiary hearing. The playing of the recording where there is a certified transcript of the same proceeding creates an odd situation for the Court Reporter, who would be required to re-transcribe what she hears in the courtroom on February 1, 2019, when she previously certified a transcript of the same proceeding which actually took place on January 8, 2014. Finally, the statute establishes that the certified transcript is prima facie the correct statement and Mr. Russell has proffered no reason to conclude otherwise.

Nor has Mr. Russell explained why he wishes to have the backup recording made available at the upcoming evidentiary hearing. The Court could speculate, but absent some justification for the recording where he is able to use a certified transcript, the Court concludes that the transcript, as the official record of the proceeding, is the better alternative. The Court dismisses Mr. Russell's motion without prejudice, should he wish to reframe his argument to the Court.

The Court DISMISSES without prejudice Defendant Rodney Russell's Motion to Have the Audio for the Voir Dire to be Available at Hearing on February 1, 2019, Consistent with Court Order Dated March 18, 2015 at Doc # 490 (ECF No. 824).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2019

4