UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00160-JAW-2 |
| | ) | |
| RODNEY RUSSELL | ) | |

**ORDERN ON MOTION TO REVOKE BAIL PENDING APPEAL**

The Court released two individuals on bail pending appeal to the First Circuit. The First Circuit has since affirmed their convictions, denied their petitions for rehearing, and returned jurisdiction to this Court. The Government now seeks to revoke their bail. The Court deferred ruling on the Government's motion until deciding the individuals' motions for compassionate release. Having now dismissed one of the individual's motions for compassionate release, the Court concludes he no longer has an appeal that raises a substantial question of law or fact, and the Court grants the government's motion and revokes his bail.

### I.   PROCEDURAL BACKGROUND

The Court recounts the background as relevant to the Government's motion to revoke bail. A more exhaustive account of the procedural history can be found in the Court's order on Rodney Russell's motion for compassionate release. *See Order on Mot. for Compassionate Release* at 2-6 (ECF No. 911).

####   A.   Release on Bail Pending Appeal

On June 7, 2019, on remand from the First Circuit and after holding a post-conviction evidentiary hearing, the Court denied Mr. Russell and co-defendant

Malcolm French's motion for new trial. *Order on Mot. for New Trial on Remand* (ECF No. 844). On June 12, 2019, Mr. French and Mr. Russell filed notices of appeal. *Notice of Appeal* (ECF Nos. 845, 846).

While the appeal was pending, Mr. French filed an emergency motion for temporary bail with the First Circuit. Emergency Mot. for Temporary Bail, *United States v. French*, No. 19-1632 (1st Cir. Mar. 24, 2020). On March 26, 2020, the First Circuit denied Mr. French's motion without prejudice but noted that if Mr. French filed a motion with the district court, the judge should "conduct any necessary proceedings on an expedited basis." *Order of Ct.* at 1 (ECF No. 855). In its March 26, 2020 order, the First Circuit observed that Mr. French "has raised a substantial question within the meaning of 18 U.S.C. § 3143(b)(1)(B)." *Id*. The First Circuit also noted that the Government had not relied on "any argument that defendant is a danger or a risk of flight." *Id*. The appellate court left "to the district court the question of whether defendant can demonstrate the existence of exceptional reasons why his continued detention would not be appropriate." *Id*. (citing 18 U.S.C. § 3145(c)). The First Circuit directed the district court to make "findings that account for defendant's as-yet-undisputed health conditions, relevant guidance from the Centers for Disease Control, and the protocols of the Bureau of Prisons." *Id*.

Following Mr. French's lead, Mr. Russell also filed an emergency motion for temporary bail with the First Circuit. Am. Emergency Mot. for Temporary Bail, *United States v. Russell*, No. 19-1605 (1st Cir. Mar. 25, 2020). The First Circuit quickly addressed the motion, concluding that Mr. Russell should have first

presented the issues to this Court, and thus denied the motion without prejudice to re-file with this Court. *Order of Ct.* (ECF No. 858).

On March 26, 2020, Mr. French and Mr. Russell filed emergency motions for temporary bail pending appeal with this Court. *Emergency Mot. for Temporary Bail* (ECF No. 856); *Emergency Mot. for Temporary Bail Def.-Appellant Rodney Russell's Mot. to be Released from Custody Pending Resolution Pursuant to Federal Rule of Appellate Procedure 9(b), 18 U.S.C. § 3143(b)(1), and 3145(c), and* United States v. Zimny*, 857 F.3d 97 (1st Cir. 2017)* (ECF No. 857). On March 27, 2020, the Court issued an interim order, resolving some, but not all the issues set forth in the First Circuit order. *Interim Order on Emer. Mot. for Release* (ECF No. 859). On March 31, 2020, the Court made factual findings in line with the First Circuit's guidance and granted the motions, releasing Mr. French and Mr. Russell on bail pending appeal. *Order on Emergency Mot. for Release* (ECF No. 869).

On October 7, 2020, the First Circuit ruled on Mr. French and Mr. Russell's motion for new trial, affirming this Court's denial of their motions. *United States v. French*, 977 F.3d 114 (1st Cir. 2020). This Court received the First Circuit's mandate on November 27, 2020. *Mandate* (ECF No. 881).

  **B.** **Motion to Revoke Bail**

On November 16, 2020, after the First Circuit's decision, the Government moved to revoke Mr. French's and Mr. Russell's bail, reasoning that they no longer have an appeal pending that raises a substantial question of law or fact likely to result in reversal or an order for a new trial, and requesting expedited consideration.

*Gov't's Mot. to Revoke Defs.' Bail Pending Appeal and Req. for Expedited Consideration* (ECF No. 877) (*Gov't's Mot.*). On December 7, 2020, Mr. French and Mr. Russell filed their responses. *French's Resp. to Gov't's Mot. to Revoke Bail* (ECF No. 882) (*French's Resp.*); *Def. Rodney Russell's Resp. to Gov't's Mot. to Revoke Bail and Def. Rodney Russell's Joinder in Mots. Filed by Malcolm French* (ECF No. 885) (*Russell's Resp.*). The Government replied on December 10, 2020. *Gov't's Reply in Further Supp. of Mot. to Revoke Defs.' Bail Pending Appeal and Req. for Expedited Consideration* (ECF No. 888) (*Gov't's Reply*).

Meanwhile, on December 7, 2020, Mr. French filed a motion for compassionate release. *French's Mot. for Compassionate Release* (ECF No. 883). Mr. Russell filed his motion for compassionate release on December 11, 2020. *Rodney Russell's Mot. for Compassionate Release and Mot. for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (ECF No. 892).

On December 14, 2020, the Court dismissed the Government's request that the Court expedite its consideration of the Government's motion to revoke bail pending appeal, concluding that it was wiser to first resolve Mr. French's and Mr. Russell's motions for compassionate release. *Order on Gov't's Mot. for Expedited Order* (ECF No. 894). On March 3, 2021, the Court dismissed Mr. Russell's motion for compassionate release. *Order on Mot. for Compassionate Release* (ECF No. 911). The Court is waiting on further medical assessment before ruling on Mr. French's motion for compassionate release, and defers ruling on the Government's motion to revoke

his bail. Thus, in this order, the Court only addresses the Government's motion to revoke Mr. Russell's bail.

## II. THE PARTIES' POSITIONS

### A. The Government's Motion to Revoke Bail Pending Appeal

The Government "asks the Court to revoke the defendants' bail and order them to surrender to the United States Marshal for the District of Maine." *Gov't's Mot.* at 3. It argues that the First Circuit has affirmed Mr. Russell's and Mr. French's convictions and therefore they "can no longer satisfy their burden of establishing a necessary element of the test for ordering bail pending appeal, namely, demonstrating that their appeal raises a substantial question of law or fact likely to result in, inter alia, reversal or an order for a new trial." *Id.* at 2. "Absent an appeal, raising such a question of law or fact, there is no basis for the defendants to remain released on bail pending appeal." *Id.* The Government further argues that "[e]ven if the defendants were to petition for a writ of certiorari, this would not allow them to remain on bail because the court of appeals has affirmed their convictions." *Id.* (citing *United States v. Davis*, 598 F. Supp. 453, 467 (S.D.N.Y. 1984)).[1]

### B. Rodney Russell's Response

Mr. Russell joined Mr. French's response to the Government's motion. *See Russell's Resp.* at 1 (joining Mr. French's response). Thus, for purposes of ruling on

---

[1] The Government also argued that the Court has jurisdiction to rule on its motion, even though the First Circuit had not yet issued its mandate. *See Gov't's Mot.* at 3. The First Circuit has since issued its mandate, and so the Court does not address this argument.

the Government's motion to revoke Mr. Russell's bail, the Court draws many of the relevant arguments in favor of continued bail from Mr. French's response.

Mr. Russell opposes the Government's motion, contending that "the case remains in an appellate posture, and circumstances militate more strongly in favor of bail now, then when it was granted by this Court back in March of this year." *French's Resp.* at 1.  Mr. Russell argues that the Court should deny the Government's motion and continue bail, asking the Court to consider (1) whether Mr. Russell's appeal presented a substantial question, (2) his health condition, (3) relevant guidance from the Centers for Disease Control and Prevention (CDC) and Bureau of Prisons (BOP) protocols, and (4) the risk of flight and risk of danger to public safety. *Id.* at 2.

Mr. Russell contends that even though the First Circuit affirmed the Court's denial of his motion for new trial, his "appeal remains in an appellate posture because the time for filing a petition for certiorari will not lapse until April 19, 2021" and until that time has passed, his case "will continue to present substantial questions." *Id.* at 3.  He notes that "[t]here is an important distinction between winning issues and substantial questions," and asserts that he is not required to demonstrate he will prevail on the merits to be eligible for bail. *Id.*  While he lost on appeal, Mr. Russell maintains that the issues raised on appeal "are substantial and weighty, and worthy of U.S. Supreme Court review." *Id.* at 4.  He argues that the First Circuit's application of an abuse-of-discretion standard of review is "incongruous with constitutional errors so grievous as to qualify as structural errors," which are entitled

6

to plenary, not discretionary review, and the First Circuit improperly added an additional factor, requiring "that the defendant prove that the juror in question possessed a biased motive, and on the basis of this newly-added third prong, it denied [Mr. Russell] relief." *Id.* He further argues that 18 U.S.C. § 3143 "suggests by negative implication that bail pending appeal is appropriate while a defendant seeks U.S. Supreme Court review." *Id.* at 5. He asserts that "[t]here is no reason why this Court cannot wait until after the U.S. Supreme Court has had an opportunity to weigh-in. There is no urgency." *Id.*

Mr. Russell highlights the Court's previous finding that he does not pose a risk of flight or risk of danger to public safety and notes the Government does not argue otherwise. *Id.* He argues that "[t]he government is the movant here, and it bears the burden of demonstrating to this Court that [Mr. Russell] can be safely transported and housed in prison." *Id.* at 9. "Absent assurances that this can happen with due regard for [Mr. Russell's] present medical condition in the midst of a raging global pandemic that has infected tens of thousands of prisoners in BOP custody, this Court should deny the government's motion at least until [Mr. Russell] has exhausted all of his available appellate options and the U.S. Supreme Court has denied his petition for certiorari." *Id.*

Finally, Mr. Russell claims that his "back problems have increased since his release and he has developed eyesight problems which need to be properly assessed." *Russell's Resp.* at 3. He also points to his "heart failure, high blood pressure, cholesterol issues and his major depressive disorder," as well as his need to sleep with

7

a CPAP machine, as conditions that place him at high risk for complications from COVID-19. *Id.*

### C. The Government's Reply

The Government first rejects Mr. Russell and Mr. French's attempt to shift the burden to the Government, noting that "[t]here is a legal presumption that they be in custody, unless they meet their burdens of securing bail or a sentence reduction" and "[i]t is not the Government's burden to keep them in custody, it is their burden to secure their release." *Gov't's Reply* at 1. The Government next contends that "to secure bail pending decision on a petition for a writ of certiorari, the defendants must first establish they have filed such a petition." *Id.* at 2. Because Mr. Russell and Mr. French have not yet filed a petition for writ of certiorari, "the Court is without authority to continue the defendants on bail, thus, the Government's request to revoke their bail should be granted." *Id.* at 2-3. The Government suggests they could file a motion for bail pending appeal after they file their petition for certiorari, but until then they should be in custody. *Id.* at 3.

The Government claims that "the defendants are trying to delay their return to prison" and if there was truly a substantial question, the petition for writ of certiorari would have already been filed. *Id.* at 3-4. The Government also states it is "significant that the defendants did not move the First Circuit Court of Appeals to stay the mandate in their appeal pending the filing of a petition for certiorari." *Id.* at 4. It asks the Court to read into their "tactical decision" not to move to stay the mandate and infer that they "anticipated that the First Circuit would have found that

8

a substantial question did not exist; at which point they would have been unlikely to convince this Court otherwise." *Id.* The Government contends that Mr. Russell and Mr. French's argument that there is no "urgency" to send them back to jail "misses the mark" because their convictions have been affirmed and "[t]here is a presumption built into the Bail Reform Act that they *should* be in prison." *Id.* at 5 (citing *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985)) (emphasis in original).

Finally, the Government argues that consideration of the other § 3143(b) factors "should wait until such time as the defendants have met their threshold statutory burden. Until that time, there is no basis in the law to consider their requests to remain on bail." *Id.* at 6.

## III. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(c), a court is authorized to release a defendant who is subject to detention under § 3143(a)(2) or (b)(2) and who meets the conditions of release in 18 U.S.C. § 3143(a)(1) or (b)(1) where it is "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Mr. Russell was detained pursuant to § 3143(b)(2), and so the provisions of § 3143(b)(1) apply. *United States v. Farlow*, 824 F. Supp. 2d 189, 192 (D. Me. 2011). "[U]nder § 3143(b), to be released pending appeal, a defendant must show by clear and convincing evidence that (1) he is not likely to flee and (2) he is not likely to pose a danger to the safety of any other person or the community; he must also show that the appeal (3) is not for the purpose of delay and (4) raises a substantial question of law or fact likely to result in either a sentence that does not include a

term of imprisonment or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process." *Id.* at 193.

If the defendant satisfies the requirements of § 3143(b), the defendant must then clearly establish that there are "exceptional reasons" his continued detention would not be appropriate. 18 U.S.C. § 3145(c). The burden rests on the defendant. *Farlow*, 824 F. Supp. 2d at 193 (citing *United States v. Colon Berrios*, 791 F.2d 211, 211 (1st Cir. 1986)).

## IV. DISCUSSION

The Court's task here is straightforward. On March 31, 2020, the Court granted Mr. Russell's motion for release on bail pending appeal of this Court's denial of his motion for new trial. On October 7, 2020, the First Circuit affirmed this Court, and on November 27, 2020, the First Circuit returned jurisdiction to this Court. Mr. Russell is thus in an awkward position—he is out on bail pending appeal, but there is no longer an appeal pending.

The Government contends that "[a]bsent an appeal, raising a [substantial] question of law or fact, there is no basis for the defendants to remain released on bail pending appeal." *Gov't's Mot.* at 2. It further asserts that "[e]ven if the defendants were to petition for a writ of certiorari, this would not allow them to remain on bail because the court of appeals has affirmed their convictions." *Id.* Mr. Russell claims "[t]he notion that [his] appeal is over is simply wrong," and asks the Court to wait until after the U.S. Supreme Court has had an opportunity to weigh-in before revoking bail. *French's Opp'n* at 5.

10

The Court resolves this matter by looking to the plain text of the statute. As Mr. Russell was detained pursuant to 18 U.S.C. § 3143(b)(2), he must meet the conditions of release set forth in § 3143(b)(1) and clearly show exceptional reasons why his detention would not be appropriate. 18 U.S.C. § 3145(c). The Court turns to § 3143(b)(1), which states: "the judicial officer shall order that a person who has been guilty of an offense and sentenced to a term of imprisonment, *and who has filed an appeal or a petition for writ of certiorari*, be detained, unless the judicial officer finds" the defendant satisfies the statutory requirements. 18 U.S.C. § 3143(b)(1) (emphasis added). Upon a straightforward reading of the statute, it is clear that one of the prerequisites to release pending appeal is that the defendant have filed an appeal or a petition for a writ of certiorari. *See United States v. Papadopoulos*, Criminal Case No. 17-182 (RDM), 2018 U.S. Dist. LEXIS 199067, at *13 (D.D.C. Nov. 25, 2018) ("The language of [18 U.S.C. § 3143(b)] is plain and unavoidable: in order to qualify for bail pending appeal, the defendant must (unsurprisingly) have 'filed an appeal or a petition for a writ of certiorari' and that appeal must raise a 'substantial question of law or fact likely to result in . . . reversal' or other relief from the conviction or sentence").

In *United States v. Nacchio*, 608 F. Supp. 2d 1237 (D. Colo. 2009), the district court explained the logic behind this interpretation of 18 U.S.C. § 3143(b):

> The pertinent provision of the Bail Reform Act, 18 U.S.C. § 3143(b), states that the request for bail pending appeal can be granted only after the petition for certiorari is filed. This makes sense. In order to obtain bail pending appeal, a defendant must show that he has raised substantial question of law or fact that would entitle him to a reversal, new trial or abrogation of his sentence. If the appeal is to the United

11

> States Supreme Court, such questions necessarily must be raised in a petition for certiorari. Because any reversal, new trial or abrogation of a defendant's sentence would be limited to questions raised in the petition, the petition must be filed so that its contents can be considered in conjunction with a request for bail.

*Id.* at 1240 n.4. The Court finds this reasoning persuasive. Mr. Russell, who the Court released on bail pending appeal, no longer has an appeal, and thus no longer qualifies for bail pending appeal.

Furthermore, to remain on bail, Mr. Russell must present a substantial question of law or fact, and the Court concludes he has not carried his burden to show the existence of such a question. As the First Circuit has explained, a "substantial question of law or fact" is "a 'close' question or one that very well could be decided the other way." *United States v. Zimny*, 857 F.3d 97, 100 (1st Cir. 2017) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)).

As a threshold matter, the Court notes that because Mr. Russell has not filed a petition for writ of certiorari with the Supreme Court, this Court does not know precisely what Mr. Russell's challenges are. However, Mr. French's opposition brief, which Mr. Russell joins, reiterates two issues with the First Circuit's decision: (1) "the First Circuit's application of an abuse-of-discretion standard of review is incongruous with constitutional errors so grievous as to qualify as structural errors; structural errors are entitled to plenary, not discretionary review;" and (2) "the First Circuit modified the binary test in *McDonough Power Equip. Inc. v. Greenwood*, 464 U.S. 548, 556 (1984), to add an additional factor: that the defendant prove that the juror in question possessed a biased motive, and on the basis of this newly-added third prong,

it denied [Mr.] French relief." *French's Resp.* at 4.  For the purposes of this motion, the Court accepts these two points as Mr. Russell's main contentions.

Mr. French and Mr. Russell presented these exact questions in their petition for rehearing.  *Id.*, Attach. 3, *Pet. for Panel Reh'g with Suggestion for Reh'g En Banc* at 6-7.  The First Circuit summarily denied their petition.  *See* Order of Ct., *United States v. French*, Nos. 19-1605, 19-1632 (1st Cir. Nov. 20, 2020) ("The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be denied").  The First Circuit returned mandate to this Court.  *Mandate* (ECF No. 881). Neither Mr. French nor Mr. Russell moved to stay the mandate, where, pursuant to Federal Rule of Appellate Procedure 41, they could have argued their forthcoming petition for a writ of certiorari would present a substantial question.  *See* FED. R. APP. P. 41 ("A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.  The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay").

The Court reviewed Mr. French and Mr. Russell's petition for rehearing and like the First Circuit, the Court does not view the issues as raising a substantial question.  Mr. Russell is correct that "[t]here is an important distinction between winning issues and substantial questions," but it is his burden to prove the existence

13

of a substantial question and, besides repeatedly saying his questions are "substantial," he has not explained how his arguments constitute a "close question" or "one that very well could be decided the other way." *Zimny*, 857 F.3d at 100.

It is true the First Circuit previously found that Mr. French and Mr. Russell raised a substantial question within the meaning of 18 U.S.C. § 3143(b)(1)(B). *Order of Ct.* at 1 (ECF No. 855). However, since that order, the First Circuit affirmed this Court, denied Mr. French and Mr. Russell's petition for rehearing, and returned the mandate to this Court. *See United States v. Krzyske*, 857 F.2d 1089, 1092 (6th Cir. 1988) ("Our decision affirming the district court's judgment and sustaining the convictions of Krzyske on the merits, and in denying the petition for rehearing or rehearing en banc settled the chief issue of jury nullification in favor of the government. Unless or until the Supreme Court should take some action to the contrary, and statistical studies have shown slight likelihood that the Court will undertake such action on petitions for certiorari, there is no logical reason for Krzyske to remain free"). Because Mr. Russell no longer has a "substantial question of law or fact" within the meaning of 18 U.S.C. § 3143(b), the Court concludes it is inappropriate for Mr. Russell—a jury-convicted and judge-sentenced prisoner, who has not completed his sentence—to remain at liberty.

## V.  CONCLUSION

The Court GRANTS the Government's Motion to Revoke Defendants' Bail Pending Appeal (ECF No. 877) as to Rodney Russell and ORDERS Mr. Russell's bail be revoked and that he be detained to complete his sentence. The Court ORDERS

Mr. Russell to self-report to the Federal Medical Center Devens by 2:00 p.m. on Friday, March 5, 2020.[2]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2021

---

[2] In this order, the Court addresses only the Government's motion to revoke bail as to Rodney Russell. The Court will determine the motion as to Malcolm French after it rules on his motion for compassionate release.